11

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## Issued by the
# UNITED STATES DISTRICT COURT

_____Northern_____   **DISTRICT OF** _____Indiana_____

Syngenta Seeds, Inc.

**V.**

Monsanto Company and Monsanto Technology LLC

# SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]   04-908-SLR

District of Delaware

TO:   Fielder's Choice Direct
306 N. Main Street
Monticello, IN 47960

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

For a description of the documents requested, please see Schedule A attached to this subpoena.

| PLACE | DATE AND TIME |
|---|---|
| Fielder's Choice Direct, 306 N. Main Street, Monticello, IN 47960 | October 17, 2005; 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | 9/22/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Richard F. Schwed, Esq.
Shearman & Sterling, LLP, 599 Lexington Avenue, New York, NY 10022-6069 (212) 848-4000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)    (A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance,

(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B)    If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

### I. DEFINITIONS

In addition to the definitions set forth in Rule 26 of the Federal Rules of Civil Procedure, the following definitions apply to each of the following requests:

1.    The terms "you" and "yours" shall mean the party subpoenaed and all of its parents, affiliates, subsidiaries, divisions, joint ventures or any other related entity; its successor and assigns; and any of its present or former officers, directors, employees, agents, and all other persons acting on their behalf or at their direction or control.

2.    The term "Monsanto" shall mean Monsanto Company and Monsanto Technology LLC and any of its present or former subsidiaries, divisions, agents, employees, directors, officers, trustees, and attorneys, or any other person or entity acting in concert with Monsanto Company, directly or indirectly, including but not limited to American Seeds, Inc., Asgrow Seed Company, Inc., Channel Bio Corp., CORE Group, Corn States Hybrid Service LLC, DeKalb Genetics Corporation, Fontanelle Hybrids, NC+ Hybrids, Inc., Holden's Foundation Seeds, Inc., Stewart Seeds, Stone Seeds, and Trelay Seeds.

3.    The term "Syngenta" shall mean Syngenta Seeds, Inc., and any of its present or former, subsidiaries, divisions, agents, employees, directors, officers, trustees, and attorneys.

4.    The term "foundation seed" shall mean an inbred, parent or non-hybrid corn seed.

5.    The term "hybrid seed" shall mean the product created by crossing two foundation seeds, and shall include any seed used by growers to produce a corn crop.

6.    The term "GA21" shall mean the transgenic event GA21, which is inserted into the genome of corn seed to confer a trait for glyphosate tolerance.

7.    The term "NK603" shall mean the transgenic event NK603, which is inserted into the genome of corn seed to confer a trait for glyphosate tolerance.

8.    The term "Bt11" shall mean the transgenic event Bt11, which is inserted into the genome of corn seed to confer a trait for European corn borer resistance.

9.    The term "ECB-resistant trait" shall mean a biotechnology trait that makes corn resistant to the European corn borer by insertion of Bacillus thuringensis into the genome of a corn seed.

10.    The term "CRW-resistant trait" shall mean the biotechnology trait that makes corn resistant to corn rootworm by insertion of Bacillus thuringensis into the genome of a corn seed.

11.    The term "Relevant Product" shall mean:

    a.    herbicide-tolerant corn traits (including GA21, NK603, Liberty Link, and CLEARFIELD);

    b.    ECB-resistant corn traits (including Bt11, Mon810 and Herculex);

    c.    CRW-resistant corn traits (including Mon863);

    d.    glyphosate-tolerant soybean traits;

    e.    foundation corn seed; and

    f.    hybrid corn seed.

12.    The term "document" and "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations (including electronic mail). A draft or non-identical copy is a separate document within the meaning of this term.

2

## II.    DOCUMENT REQUESTS

For the period January 1, 1996 to the present:

1.    Organizational charts or any other documents that show job titles, reporting relationships and/or responsibility levels for any person responsible for the sale, marketing and/or licensing of any Relevant Product.

2.    All documents consisting of or referring to communications between you and Monsanto concerning (i) any Relevant Product (including combinations or stacks thereof), or (ii) Syngenta.

3.    All documents concerning Monsanto, and which relate or refer to any Relevant Product.

4.    All documents concerning Syngenta, and which relate or refer to any Relevant Product.

5.    All documents concerning any actual or proposed agreements or understandings between you and Monsanto relating to any Relevant Product, including but not limited to license agreements, incentive agreements, other agreements or understandings, or any drafts and/or documents referring to any of the foregoing.

6.    All documents concerning any actual or proposed Monsanto program, incentive, promotion, offer or agreement that relates to any Relevant Product, including but not limited to any financial inducement or penalty by Monsanto conditioned upon your reaching certain sales, licensing, purchasing, market share, or volume targets for any Relevant Product, any restriction or limitation of your purchasing or licensing of any non-Monsanto Relevant Product, or any restriction or limitation on dealing with Syngenta or other actual or potential competitors of Monsanto.

3

7.      All documents concerning or referring to any allegations or complaints by any person that Monsanto has acted in an anticompetitive or unfair manner with respect to any Relevant Product.

8.      All documents concerning or referring to any express or implied threats or intimidation by Monsanto for you not to do business with Syngenta.

9.      All documents concerning any factors that you, seed companies, dealers, brokers, distributors, retailers and/or growers consider in determining: (i) whether to purchase or license genetically modified corn seed, including but not limited to any decision to license or purchase genetically modified corn seed as opposed to conventional corn seed; and (ii) whether to purchase or license a particular trait with respect to any genetically modified corn seed.

10.      All documents concerning comparisons of Monsanto traits for any genetically modified corn seed with any other company's traits whether from a price, quality or other standpoint.

11.      With respect to your sale or licensing of any Relevant Product to any other person or company, documents sufficient to show on a monthly or more frequent basis: (i) revenues and/or license fees received for each Relevant Product; (ii) units sold or licensed for each Relevant Product; and (iii) prices and/or license fees charged for each Relevant Product.

12.      With respect to your purchase or licensing of any Relevant Product from any other person or company, documents sufficient to show on a monthly or more frequent basis: (i) license fees or other payments made with respect to each Relevant Product; (ii) units of each Relevant Product purchased or licensed; (iii) prices and/or license fees paid for each Relevant Product; and (iv) the identity of the person or company from whom you purchased or licensed the Relevant Product.

4

13.     Documents sufficient to show your projections of revenues, units, and/or prices as to future purchases, sales, and/or licensing of any Relevant Product.

14.     All documents concerning any foundation corn seed containing GA21 or hybrid corn seed containing GA21 that you destroyed at the request of Monsanto or that your returned to Monsanto.

12

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

### Issued by the
## UNITED STATES DISTRICT COURT

| ____Western____ | **DISTRICT OF** | ____Michigan____ |
|---|---|---|

Syngenta Seeds, Inc.

V.

Monsanto Company and Monsanto Technology LLC

### SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]   04-908-SLR

District of Delaware

TO:   Great Lakes Hybrids
9915 West M-21
Ovid, MI 48866

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

For a description of the documents requested, please see Schedule A attached to this subpoena.

| PLACE | DATE AND TIME |
|---|---|
| Great Lakes Hybrids, 9915 West M-21, Ovid, MI 48866 | October 17, 2005; 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | 9/22/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Richard F. Schwed, Esq.
Shearman & Sterling, LLP, 599 Lexington Avenue, New York, NY 10022-6069 (212) 848-4000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,
(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

### I. DEFINITIONS

In addition to the definitions set forth in Rule 26 of the Federal Rules of Civil Procedure, the following definitions apply to each of the following requests:

1.    The terms "you" and "yours" shall mean the party subpoenaed and all of its parents, affiliates, subsidiaries, divisions, joint ventures or any other related entity; its successor and assigns; and any of its present or former officers, directors, employees, agents, and all other persons acting on their behalf or at their direction or control.

2.    The term "Monsanto" shall mean Monsanto Company and Monsanto Technology LLC and any of its present or former subsidiaries, divisions, agents, employees, directors, officers, trustees, and attorneys, or any other person or entity acting in concert with Monsanto Company, directly or indirectly, including but not limited to American Seeds, Inc., Asgrow Seed Company, Inc., Channel Bio Corp., CORE Group, Corn States Hybrid Service LLC, DeKalb Genetics Corporation, Fontanelle Hybrids, NC+ Hybrids, Inc., Holden's Foundation Seeds, Inc., Stewart Seeds, Stone Seeds, and Trelay Seeds.

3.    The term "Syngenta" shall mean Syngenta Seeds, Inc., and any of its present or former, subsidiaries, divisions, agents, employees, directors, officers, trustees, and attorneys.

4.    The term "foundation seed" shall mean an inbred, parent or non-hybrid corn seed.

5.    The term "hybrid seed" shall mean the product created by crossing two foundation seeds, and shall include any seed used by growers to produce a corn crop.

6.    The term "GA21" shall mean the transgenic event GA21, which is inserted into the genome of corn seed to confer a trait for glyphosate tolerance.

7.    The term "NK603" shall mean the transgenic event NK603, which is inserted into the genome of corn seed to confer a trait for glyphosate tolerance.

8.    The term "Bt11" shall mean the transgenic event Bt11, which is inserted into the genome of corn seed to confer a trait for European corn borer resistance.

9.    The term "ECB-resistant trait" shall mean a biotechnology trait that makes corn resistant to the European corn borer by insertion of Bacillus thuringensis into the genome of a corn seed.

10.    The term "CRW-resistant trait" shall mean the biotechnology trait that makes corn resistant to corn rootworm by insertion of Bacillus thuringensis into the genome of a corn seed.

11.    The term "Relevant Product" shall mean:

    a.    herbicide-tolerant corn traits (including GA21, NK603, Liberty Link, and CLEARFIELD);

    b.    ECB-resistant corn traits (including Bt11, Mon810 and Herculex);

    c.    CRW-resistant corn traits (including Mon863);

    d.    glyphosate-tolerant soybean traits;

    e.    foundation corn seed; and

    f.    hybrid corn seed.

12.    The term "document" and "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations (including electronic mail).  A draft or non-identical copy is a separate document within the meaning of this term.

## II.     DOCUMENT REQUESTS

For the period January 1, 1996 to the present:

1.     Organizational charts or any other documents that show job titles, reporting relationships and/or responsibility levels for any person responsible for the sale, marketing and/or licensing of any Relevant Product.

2.     All documents consisting of or referring to communications between you and Monsanto concerning (i) any Relevant Product (including combinations or stacks thereof), or (ii) Syngenta.

3.     All documents concerning Monsanto, and which relate or refer to any Relevant Product.

4.     All documents concerning Syngenta, and which relate or refer to any Relevant Product.

5.     All documents concerning any actual or proposed agreements or understandings between you and Monsanto relating to any Relevant Product, including but not limited to license agreements, incentive agreements, other agreements or understandings, or any drafts and/or documents referring to any of the foregoing.

6.     All documents concerning any actual or proposed Monsanto program, incentive, promotion, offer or agreement that relates to any Relevant Product, including but not limited to any financial inducement or penalty by Monsanto conditioned upon your reaching certain sales, licensing, purchasing, market share, or volume targets for any Relevant Product, any restriction or limitation of your purchasing or licensing of any non-Monsanto Relevant Product, or any restriction or limitation on dealing with Syngenta or other actual or potential competitors of Monsanto.

3

7.      All documents concerning or referring to any allegations or complaints by any person that Monsanto has acted in an anticompetitive or unfair manner with respect to any Relevant Product.

8.      All documents concerning or referring to any express or implied threats or intimidation by Monsanto for you not to do business with Syngenta.

9.      All documents concerning any factors that you, seed companies, dealers, brokers, distributors, retailers and/or growers consider in determining: (i) whether to purchase or license genetically modified corn seed, including but not limited to any decision to license or purchase genetically modified corn seed as opposed to conventional corn seed; and (ii) whether to purchase or license a particular trait with respect to any genetically modified corn seed.

10.      All documents concerning comparisons of Monsanto traits for any genetically modified corn seed with any other company's traits whether from a price, quality or other standpoint.

11.      With respect to your sale or licensing of any Relevant Product to any other person or company, documents sufficient to show on a monthly or more frequent basis: (i) revenues and/or license fees received for each Relevant Product; (ii) units sold or licensed for each Relevant Product; and (iii) prices and/or license fees charged for each Relevant Product.

12.      With respect to your purchase or licensing of any Relevant Product from any other person or company, documents sufficient to show on a monthly or more frequent basis: (i) license fees or other payments made with respect to each Relevant Product; (ii) units of each Relevant Product purchased or licensed; (iii) prices and/or license fees paid for each Relevant Product; and (iv) the identity of the person or company from whom you purchased or licensed the Relevant Product.

13.    Documents sufficient to show your projections of revenues, units, and/or prices as to future purchases, sales, and/or licensing of any Relevant Product.

14.    All documents concerning any foundation corn seed containing GA21 or hybrid corn seed containing GA21 that you destroyed at the request of Monsanto or that your returned to Monsanto.

13

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## Issued by the
# UNITED STATES DISTRICT COURT

| Central | DISTRICT OF | Illinois |
|---|---|---|

Syngenta Seeds, Inc.

## SUBPOENA IN A CIVIL CASE

### V.

Monsanto Company and Monsanto Technology LLC

CASE NUMBER: [1]  04-908-SLR

District of Delaware

TO:    Growmark, Inc.
1701 Towanda Avenue
Bloomington, Illinois 61701

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

For a description of the documents requested, please see Schedule A attached to this subpoena.

| PLACE | DATE AND TIME |
|---|---|
| Growmark, Inc., 1701 Towanda Avenue, Bloomington, Illinois 61701 | October 17, 2005; 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | 9/22/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Richard F. Schwed, Esq.
Shearman & Sterling, LLP, 599 Lexington Avenue, New York, NY 10022-6069 (212) 848-4000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

---

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| SERVED | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                      DATE                                                        SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## I. DEFINITIONS

In addition to the definitions set forth in Rule 26 of the Federal Rules of Civil Procedure, the following definitions apply to each of the following requests:

1.    The terms "you" and "yours" shall mean the party subpoenaed and all of its parents, affiliates, subsidiaries, divisions, joint ventures or any other related entity; its successor and assigns; and any of its present or former officers, directors, employees, agents, and all other persons acting on their behalf or at their direction or control.

2.    The term "Monsanto" shall mean Monsanto Company and Monsanto Technology LLC and any of its present or former subsidiaries, divisions, agents, employees, directors, officers, trustees, and attorneys, or any other person or entity acting in concert with Monsanto Company, directly or indirectly, including but not limited to American Seeds, Inc., Asgrow Seed Company, Inc., Channel Bio Corp., CORE Group, Corn States Hybrid Service LLC, DeKalb Genetics Corporation, Fontanelle Hybrids, NC+ Hybrids, Inc., Holden's Foundation Seeds, Inc., Stewart Seeds, Stone Seeds, and Trelay Seeds.

3.    The term "Syngenta" shall mean Syngenta Seeds, Inc., and any of its present or former, subsidiaries, divisions, agents, employees, directors, officers, trustees, and attorneys.

4.    The term "foundation seed" shall mean an inbred, parent or non-hybrid corn seed.

5.    The term "hybrid seed" shall mean the product created by crossing two foundation seeds, and shall include any seed used by growers to produce a corn crop.

6.     The term "GA21" shall mean the transgenic event GA21, which is inserted into the genome of corn seed to confer a trait for glyphosate tolerance.

7.     The term "NK603" shall mean the transgenic event NK603, which is inserted into the genome of corn seed to confer a trait for glyphosate tolerance.

8.     The term "Bt11" shall mean the transgenic event Bt11, which is inserted into the genome of corn seed to confer a trait for European corn borer resistance.

9.     The term "ECB-resistant trait" shall mean a biotechnology trait that makes corn resistant to the European corn borer by insertion of Bacillus thuringensis into the genome of a corn seed.

10.     The term "CRW-resistant trait" shall mean the biotechnology trait that makes corn resistant to corn rootworm by insertion of Bacillus thuringensis into the genome of a corn seed.

11.     The term "Relevant Product" shall mean:

    a.     herbicide-tolerant corn traits (including GA21, NK603, Liberty Link, and CLEARFIELD);

    b.     ECB-resistant corn traits (including Bt11, Mon810 and Herculex);

    c.     CRW-resistant corn traits (including Mon863);

    d.     glyphosate-tolerant soybean traits;

    e.     foundation corn seed; and

    f.     hybrid corn seed.

12.     The term "document" and "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations (including electronic mail). A draft or non-identical copy is a separate document within the meaning of this term.

## II.   DOCUMENT REQUESTS

For the period January 1, 1996 to the present:

1.      Organizational charts or any other documents that show job titles, reporting relationships and/or responsibility levels for any person responsible for the sale, marketing and/or licensing of any Relevant Product.

2.      All documents consisting of or referring to communications between you and Monsanto concerning (i) any Relevant Product (including combinations or stacks thereof), or (ii) Syngenta.

3.      All documents concerning Monsanto, and which relate or refer to any Relevant Product.

4.      All documents concerning Syngenta, and which relate or refer to any Relevant Product.

5.      All documents concerning any actual or proposed agreements or understandings between you and Monsanto relating to any Relevant Product, including but not limited to license agreements, incentive agreements, other agreements or understandings, or any drafts and/or documents referring to any of the foregoing.

6.      All documents concerning any actual or proposed Monsanto program, incentive, promotion, offer or agreement that relates to any Relevant Product, including but not limited to any financial inducement or penalty by Monsanto conditioned upon your reaching certain sales, licensing, purchasing, market share, or volume targets for any Relevant Product, any restriction or limitation of your purchasing or licensing of any non-Monsanto Relevant Product, or any restriction or limitation on dealing with Syngenta or other actual or potential competitors of Monsanto.

3

7.     All documents concerning or referring to any allegations or complaints by any person that Monsanto has acted in an anticompetitive or unfair manner with respect to any Relevant Product.

8.     All documents concerning or referring to any express or implied threats or intimidation by Monsanto for you not to do business with Syngenta.

9.     All documents concerning any factors that you, seed companies, dealers, brokers, distributors, retailers and/or growers consider in determining: (i) whether to purchase or license genetically modified corn seed, including but not limited to any decision to license or purchase genetically modified corn seed as opposed to conventional corn seed; and (ii) whether to purchase or license a particular trait with respect to any genetically modified corn seed.

10.     All documents concerning comparisons of Monsanto traits for any genetically modified corn seed with any other company's traits whether from a price, quality or other standpoint.

11.     With respect to your sale or licensing of any Relevant Product to any other person or company, documents sufficient to show on a monthly or more frequent basis: (i) revenues and/or license fees received for each Relevant Product; (ii) units sold or licensed for each Relevant Product; and (iii) prices and/or license fees charged for each Relevant Product.

12.     With respect to your purchase or licensing of any Relevant Product from any other person or company, documents sufficient to show on a monthly or more frequent basis: (i) license fees or other payments made with respect to each Relevant Product; (ii) units of each Relevant Product purchased or licensed; (iii) prices and/or license fees paid for each Relevant Product; and (iv) the identity of the person or company from whom you purchased or licensed the Relevant Product.

4

13.     Documents sufficient to show your projections of revenues, units, and/or prices as to future purchases, sales, and/or licensing of any Relevant Product.

14.     All documents concerning any foundation corn seed containing GA21 or hybrid corn seed containing GA21 that you destroyed at the request of Monsanto or that your returned to Monsanto.

14

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

### Issued by the
# UNITED STATES DISTRICT COURT

_____  **DISTRICT OF** _____ Minnesota

Syngenta Seeds, Inc.

V.

Monsanto Company and Monsanto Technology LLC

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: [1]  04-908-SLR

District of Delaware

TO:  Heartland Hybrids
      850 1st street North
      P.O. Box J
      Dassel, MN 55325-9901

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

For a description of the documents requested, please see Schedule A attached to this subpoena.

| PLACE | DATE AND TIME |
|---|---|
| Heartland Hybrids, 850 1st street North, P.O. Box J, Dassel, MN 55325-9901 | October 17, 2005; 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | 9/24/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Richard F. Schwed, Esq.
Shearman & Sterling, LLP, 599 Lexington Avenue, New York, NY 10022-6069 (212) 848-4000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) | MANNER OF SERVICE

SERVED BY (PRINT NAME) | TITLE

## DECLARATION OF SERVER

   I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                              DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

   (1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

   (2)   (A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

      (B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

   (3)   (A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

      (i)   fails to allow reasonable time for compliance,

      (ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

      (iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

      (iv)   subjects a person to undue burden.

   (B)   If a subpoena

      (i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

      (ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

      (iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.

   (1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

   (2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## I. DEFINITIONS

In addition to the definitions set forth in Rule 26 of the Federal Rules of Civil Procedure, the following definitions apply to each of the following requests:

1.      The terms "you" and "yours" shall mean the party subpoenaed and all of its parents, affiliates, subsidiaries, divisions, joint ventures or any other related entity; its successor and assigns; and any of its present or former officers, directors, employees, agents, and all other persons acting on their behalf or at their direction or control.

2.      The term "Monsanto" shall mean Monsanto Company and Monsanto Technology LLC and any of its present or former subsidiaries, divisions, agents, employees, directors, officers, trustees, and attorneys, or any other person or entity acting in concert with Monsanto Company, directly or indirectly, including but not limited to American Seeds, Inc., Asgrow Seed Company, Inc., Channel Bio Corp., CORE Group, Corn States Hybrid Service LLC, DeKalb Genetics Corporation, Fontanelle Hybrids, NC+ Hybrids, Inc., Holden's Foundation Seeds, Inc., Stewart Seeds, Stone Seeds, and Trelay Seeds.

3.      The term "Syngenta" shall mean Syngenta Seeds, Inc., and any of its present or former, subsidiaries, divisions, agents, employees, directors, officers, trustees, and attorneys.

4.      The term "foundation seed" shall mean an inbred, parent or non-hybrid corn seed.

5.      The term "hybrid seed" shall mean the product created by crossing two foundation seeds, and shall include any seed used by growers to produce a corn crop.

6.      The term "GA21" shall mean the transgenic event GA21, which is inserted into the genome of corn seed to confer a trait for glyphosate tolerance.

7.      The term "NK603" shall mean the transgenic event NK603, which is inserted into the genome of corn seed to confer a trait for glyphosate tolerance.

8.      The term "Bt11" shall mean the transgenic event Bt11, which is inserted into the genome of corn seed to confer a trait for European corn borer resistance.

9.      The term "ECB-resistant trait" shall mean a biotechnology trait that makes corn resistant to the European corn borer by insertion of Bacillus thuringensis into the genome of a corn seed.

10.     The term "CRW-resistant trait" shall mean the biotechnology trait that makes corn resistant to corn rootworm by insertion of Bacillus thuringensis into the genome of a corn seed.

11.     The term "Relevant Product" shall mean:

      a.      herbicide-tolerant corn traits (including GA21, NK603, Liberty Link, and CLEARFIELD);

      b.      ECB-resistant corn traits (including Bt11, Mon810 and Herculex);

      c.      CRW-resistant corn traits (including Mon863);

      d.      glyphosate-tolerant soybean traits;

      e.      foundation corn seed; and

      f.      hybrid corn seed.

12.     The term "document" and "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations (including electronic mail). A draft or non-identical copy is a separate document within the meaning of this term.

## II.    DOCUMENT REQUESTS

For the period January 1, 1996 to the present:

1.      Organizational charts or any other documents that show job titles, reporting relationships and/or responsibility levels for any person responsible for the sale, marketing and/or licensing of any Relevant Product.

2.      All documents consisting of or referring to communications between you and Monsanto concerning (i) any Relevant Product (including combinations or stacks thereof), or (ii) Syngenta.

3.      All documents concerning Monsanto, and which relate or refer to any Relevant Product.

4.      All documents concerning Syngenta, and which relate or refer to any Relevant Product.

5.      All documents concerning any actual or proposed agreements or understandings between you and Monsanto relating to any Relevant Product, including but not limited to license agreements, incentive agreements, other agreements or understandings, or any drafts and/or documents referring to any of the foregoing.

6.      All documents concerning any actual or proposed Monsanto program, incentive, promotion, offer or agreement that relates to any Relevant Product, including but not limited to any financial inducement or penalty by Monsanto conditioned upon your reaching certain sales, licensing, purchasing, market share, or volume targets for any Relevant Product, any restriction or limitation of your purchasing or licensing of any non-Monsanto Relevant Product, or any restriction or limitation on dealing with Syngenta or other actual or potential competitors of Monsanto.

3

7.    All documents concerning or referring to any allegations or complaints by any person that Monsanto has acted in an anticompetitive or unfair manner with respect to any Relevant Product.

8.    All documents concerning or referring to any express or implied threats or intimidation by Monsanto for you not to do business with Syngenta.

9.    All documents concerning any factors that you, seed companies, dealers, brokers, distributors, retailers and/or growers consider in determining: (i) whether to purchase or license genetically modified corn seed, including but not limited to any decision to license or purchase genetically modified corn seed as opposed to conventional corn seed; and (ii) whether to purchase or license a particular trait with respect to any genetically modified corn seed.

10.    All documents concerning comparisons of Monsanto traits for any genetically modified corn seed with any other company's traits whether from a price, quality or other standpoint.

11.    With respect to your sale or licensing of any Relevant Product to any other person or company, documents sufficient to show on a monthly or more frequent basis: (i) revenues and/or license fees received for each Relevant Product; (ii) units sold or licensed for each Relevant Product; and (iii) prices and/or license fees charged for each Relevant Product.

12.    With respect to your purchase or licensing of any Relevant Product from any other person or company, documents sufficient to show on a monthly or more frequent basis: (i) license fees or other payments made with respect to each Relevant Product; (ii) units of each Relevant Product purchased or licensed; (iii) prices and/or license fees paid for each Relevant Product; and (iv) the identity of the person or company from whom you purchased or licensed the Relevant Product.

13.    Documents sufficient to show your projections of revenues, units, and/or prices as to future purchases, sales, and/or licensing of any Relevant Product.

14.    All documents concerning any foundation corn seed containing GA21 or hybrid corn seed containing GA21 that you destroyed at the request of Monsanto or that your returned to Monsanto.

5

15

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## Issued by the
# UNITED STATES DISTRICT COURT

_____ DISTRICT OF _____ Nebraska _____

Syngenta Seeds, Inc.

## V.

Monsanto Company and Monsanto Technology LLC

# SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]  04-908-SLR

District of Delaware

TO:    Hoegemeyer Hybrids
       1755 Hoegemeyer Road
       Hooper, NE 68031

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

For a description of the documents requested, please see Schedule A attached to this subpoena.

| PLACE | DATE AND TIME |
|---|---|
| Hoegemeyer Hybrids, 1755 Hoegemeyer Road, Hooper, NE 68031 | October 17, 2005; 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | 9/22/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Richard F. Schwed, Esq.
Shearman & Sterling, LLP, 599 Lexington Avenue, New York, NY 10022-6069 (212) 848-4000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

---

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| | |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)   (A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)   (A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance,

(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B)   If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## I. DEFINITIONS

In addition to the definitions set forth in Rule 26 of the Federal Rules of Civil Procedure, the following definitions apply to each of the following requests:

1.      The terms "you" and "yours" shall mean the party subpoenaed and all of its parents, affiliates, subsidiaries, divisions, joint ventures or any other related entity; its successor and assigns; and any of its present or former officers, directors, employees, agents, and all other persons acting on their behalf or at their direction or control.

2.      The term "Monsanto" shall mean Monsanto Company and Monsanto Technology LLC and any of its present or former subsidiaries, divisions, agents, employees, directors, officers, trustees, and attorneys, or any other person or entity acting in concert with Monsanto Company, directly or indirectly, including but not limited to American Seeds, Inc., Asgrow Seed Company, Inc., Channel Bio Corp., CORE Group, Corn States Hybrid Service LLC, DeKalb Genetics Corporation, Fontanelle Hybrids, NC+ Hybrids, Inc., Holden's Foundation Seeds, Inc., Stewart Seeds, Stone Seeds, and Trelay Seeds.

3.      The term "Syngenta" shall mean Syngenta Seeds, Inc., and any of its present or former, subsidiaries, divisions, agents, employees, directors, officers, trustees, and attorneys.

4.      The term "foundation seed" shall mean an inbred, parent or non-hybrid corn seed.

5.      The term "hybrid seed" shall mean the product created by crossing two foundation seeds, and shall include any seed used by growers to produce a corn crop.

6.      The term "GA21" shall mean the transgenic event GA21, which is inserted into the genome of corn seed to confer a trait for glyphosate tolerance.

7.      The term "NK603" shall mean the transgenic event NK603, which is inserted into the genome of corn seed to confer a trait for glyphosate tolerance.

8.      The term "Bt11" shall mean the transgenic event Bt11, which is inserted into the genome of corn seed to confer a trait for European corn borer resistance.

9.      The term "ECB-resistant trait" shall mean a biotechnology trait that makes corn resistant to the European corn borer by insertion of Bacillus thuringensis into the genome of a corn seed.

10.     The term "CRW-resistant trait" shall mean the biotechnology trait that makes corn resistant to corn rootworm by insertion of Bacillus thuringensis into the genome of a corn seed.

11.     The term "Relevant Product" shall mean:

    a.    herbicide-tolerant corn traits (including GA21, NK603, Liberty Link, and CLEARFIELD);

    b.    ECB-resistant corn traits (including Bt11, Mon810 and Herculex);

    c.    CRW-resistant corn traits (including Mon863);

    d.    glyphosate-tolerant soybean traits;

    e.    foundation corn seed; and

    f.    hybrid corn seed.

12.     The term "document" and "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations (including electronic mail). A draft or non-identical copy is a separate document within the meaning of this term.

2

## II.    DOCUMENT REQUESTS

For the period January 1, 1996 to the present:

1.    Organizational charts or any other documents that show job titles, reporting relationships and/or responsibility levels for any person responsible for the sale, marketing and/or licensing of any Relevant Product.

2.    All documents consisting of or referring to communications between you and Monsanto concerning (i) any Relevant Product (including combinations or stacks thereof), or (ii) Syngenta.

3.    All documents concerning Monsanto, and which relate or refer to any Relevant Product.

4.    All documents concerning Syngenta, and which relate or refer to any Relevant Product.

5.    All documents concerning any actual or proposed agreements or understandings between you and Monsanto relating to any Relevant Product, including but not limited to license agreements, incentive agreements, other agreements or understandings, or any drafts and/or documents referring to any of the foregoing.

6.    All documents concerning any actual or proposed Monsanto program, incentive, promotion, offer or agreement that relates to any Relevant Product, including but not limited to any financial inducement or penalty by Monsanto conditioned upon your reaching certain sales, licensing, purchasing, market share, or volume targets for any Relevant Product, any restriction or limitation of your purchasing or licensing of any non-Monsanto Relevant Product, or any restriction or limitation on dealing with Syngenta or other actual or potential competitors of Monsanto.

3

7.    All documents concerning or referring to any allegations or complaints by any person that Monsanto has acted in an anticompetitive or unfair manner with respect to any Relevant Product.

8.    All documents concerning or referring to any express or implied threats or intimidation by Monsanto for you not to do business with Syngenta.

9.    All documents concerning any factors that you, seed companies, dealers, brokers, distributors, retailers and/or growers consider in determining: (i) whether to purchase or license genetically modified corn seed, including but not limited to any decision to license or purchase genetically modified corn seed as opposed to conventional corn seed; and (ii) whether to purchase or license a particular trait with respect to any genetically modified corn seed.

10.    All documents concerning comparisons of Monsanto traits for any genetically modified corn seed with any other company's traits whether from a price, quality or other standpoint.

11.    With respect to your sale or licensing of any Relevant Product to any other person or company, documents sufficient to show on a monthly or more frequent basis: (i) revenues and/or license fees received for each Relevant Product; (ii) units sold or licensed for each Relevant Product; and (iii) prices and/or license fees charged for each Relevant Product.

12.    With respect to your purchase or licensing of any Relevant Product from any other person or company, documents sufficient to show on a monthly or more frequent basis: (i) license fees or other payments made with respect to each Relevant Product; (ii) units of each Relevant Product purchased or licensed; (iii) prices and/or license fees paid for each Relevant Product; and (iv) the identity of the person or company from whom you purchased or licensed the Relevant Product.

4

13.    Documents sufficient to show your projections of revenues, units, and/or prices as to future purchases, sales, and/or licensing of any Relevant Product.

14.    All documents concerning any foundation corn seed containing GA21 or hybrid corn seed containing GA21 that you destroyed at the request of Monsanto or that your returned to Monsanto.